PORTMESS *v.* STATE `

[No. 211, September Term, 1964.]

*Decided March 2, 1965.*

Submitted to PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT, JJ., and POWERS, J., Associate Judge of the Seventh Judicial Circuit, specially assigned.

Submitted on brief by *John M. Robb* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General,* and *David T. Mason, Assistant Attorney General,* and *James S. Getty, State's Attorney for Allegany County,* for appellee.

PER CURIAM.

The defendant questions his convictions of breaking and entering and of grand larceny, on: (1) "the insufficiency of the evidence;" and (2) "the insufficiency of the corroboration of the testimony of an accomplice." He claims as a fatal flaw that there was no evidence that he was present when the offense was committed (at about 2:00 A.M.), except that of an accomplice.

It is not disputed that the defendant was with the perpetrators until midnight of the night the crimes were committed. A police officer testified that at about 6:00 A.M., the defendant was in an automobile with three others, all involved in the breaking and larceny according to the accomplice's testimony, and that the stolen goods were in the trunk of this car. This identity of the accused with the perpetrators is sufficient corroboration of the testimony of the accomplice to sustain the guilty verdicts. *McDowell v. State,* 231 Md. 205; *Wright v. State,* 219 Md. 643; *Polansky v. State,* 205 Md. 362.

*Judgments affirmed.*